IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | : | No. 3:19cv591 |
|---|---|---|
| PHILLIP BRADLEY POLK, | : | |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| | : | |
| CATRICIA HOWARD, | : | |
| Respondent | : | |

............................................................................................

## MEMORANDUM OPINION

**I. BACKGROUND**

In 2006, Phillip Bradley Polk pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a). *United States v. Polk*, 229 F. App'x 776, 776 (10th Cir. 2007). The sentencing court enhanced Polk's sentence under the Armed Career Criminal Act (ACCA) and sentenced him to 262 months' imprisonment. *Id.* at 776-78. The United States Court of Appeals for the Tenth Circuit determined that Polk was properly sentenced under the ACCA and affirmed the sentencing court's judgment. *Id.* at 779-81.

Polk then filed his first 28 U.S.C. § 2255 motion, asserting that his plea counsel was ineffective in failing to challenge the Government's evidence at sentencing. *United States v. Polk*, 4:05-cr-00039-TCK-1 (N.D. Okla., Docs.

1

122, 123). The district court concluded that counsel had not been ineffective and denied Polk's motion. *Id.* at Doc. 130.

In 2017, Polk filed a second § 2255 motion—which he later amended—asserting that, in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer possessed three predicate convictions sufficient to support his ACCA enhancement. *Id.* at Docs. 133, 135. Polk simultaneously filed a 28 U.S.C. §§ 2244, 2255(h) petition with the Tenth Circuit seeking authorization to file a second or successive § 2255 motion. *Id.* at Doc. 138. The Tenth Circuit noted that *Johnson* "pertains to the ACCA's residual clause only" and determined that Polk was not sentenced under the residual clause, but was instead sentenced under the enumerated offense clause. *Id.* The Tenth Circuit therefore concluded that Polk's petition did not rely on a new rule of constitutional law and denied authorization to file a second or successive § 2255 motion. *Id.* The district court then dismissed Polk's second § 2255 motion as an unauthorized second or successive motion. *Id.* at Doc. 140.

Polk has now filed a 28 U.S.C. § 2241 petition with this Court in which he argues that he no longer qualifies as an armed career criminal and his sentence should therefore be vacated. (Docs. 1, 2). Specifically, Polk asserts he was sentenced as an armed career criminal based in part upon

his Oklahoma burglary conviction. (Doc. 2 at 2). Polk contends, however, that the relevant Oklahoma burglary statute is not divisible and is broader than generic burglary and, thus, does not qualify as a violent felony under enumerated offense clause—rendering his ACCA enhancement invalid. *Id.* at 5-8. The Government has filed a response to the petition asserting that Polk's challenge to his sentencing enhancement may not be brought in a § 2241 petition. (Doc. 11).

## II. DISCUSSION

Polk challenges the validity of his criminal sentence, not its execution.[1] Although Polk brings this challenge in a § 2241 petition, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). Thus, "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C. § 2255(e)).

---

[1] "In order to challenge the execution of his sentence under § 2241, [Polk] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). Polk's challenge to a sentencing enhancement clearly does not meet this threshold.

As the United States Court of Appeals for the Third Circuit has explained, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.*

Accordingly,

> [The Third] Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255. Stated differently, the prisoner has had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.

*Bruce*, 868 F.3d at 180. The Savings Clause of § 2255 is jurisdictional; if a petitioner improperly challenges the legality of his sentence under § 2241 when the underlying claim does not fit within the Savings Clause, the petition

4

must be dismissed. *See id.* at 183 (noting jurisdictional nature of Savings Clause inquiry).

When evaluated under this standard, it is clear that Polk's claim does not fit within the Savings Clause, and this Court therefore lacks jurisdiction to consider his § 2241 petition. First, Polk makes no claim that he is actually innocent of his crime of conviction, but instead asserts that he is entitled to a sentence reduction based on recent developments in the interpretation of what constitutes a violent felony.[2] Second, Polk's § 2241 petition does not rely on any intervening court decisions that would cast doubt upon his factual—or even legal—guilt for his crime of conviction or predicate offenses. Finally, there is no plausible assertion that a § 2255 motion is inadequate to test the legality of Polk's sentence; rather, he seems to bring his challenge under § 2241 only because he was denied authorization from the Tenth Circuit to file a second § 2255 motion. Consequently, this Court does not have jurisdiction over Polk's § 2241 petition, and it must be dismissed.

---

[2] Although Polk asserts that he is actually innocent of the sentencing enhancement (Doc. 2 at 8), the Third Circuit requires actual innocence of the crime of conviction. *Bruce*, 868 F.3d at 180. Polk does not assert that he is actually innocent of possessing a firearm or of any of the prior felony offenses that supported his § 924 conviction. *See* Polk, 4:05-cr-00039-TCK-1 at Doc. 2 (setting forth prior felony convictions).

## III. Conclusion

Polk's claim does not fit within 28 U.S.C. § 2255(e)'s Savings Clause, and this Court therefore lacks jurisdiction over his petition. Accordingly, Polk's § 2241 petition will be dismissed.

An appropriate Order follows.

BY THE COURT:

Date: 9/12/19

**s/James M. Munley**

**JUDGE JAMES M. MUNLEY
United States District Court**